# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

PROFAST COMMERCIAL
FLOORING, INC.,

Plaintiff,

v.

LANDIS, LTD.,

Defendant.

)
)
)
)
)
) C.A. No. N15C-09-204 FWW
)
)
)
)
)
)

Submitted: July 19, 2016
Decided: August 29, 2016

Upon Plaintiff ProFast Commercial Flooring's Motion for Summary Judgment
**GRANTED**

Patrick Scanlon, Esquire, Darlene Wyatt Blythe, Esquire, Law Offices of Patrick Scanlon, P.A., 203 NE Front Street, Suite 101, Milford, Delaware 19963; Attorneys for Plaintiff.

Douglas A. Shachtman, Esquire, The Shachtman Law Firm, 1200 Pennsylvania Avenue, Suite 302, Wilmington, Delaware 19806; Attorney for Defendant.

**WHARTON, J.**

# ORDER

This 29th day of August, 2016, upon consideration of Plaintiff ProFast Commercial Flooring's Motion for Summary Judgment, Defendant Landis's Response, Plaintiff's Memorandum to the Court regarding its Motion for Summary Judgment, Defendant's Sur Reply in Opposition to Plaintiff's Motion for Summary Judgment, and the parties' supplemental correspondence, it appears to the Court that:

1. Plaintiff had an account with Defendant for the sale of materials. Defendant did not make the necessary payments on this account, and Plaintiff subsequently filed suit against Defendant in the U.S District Court for the Eastern District of Pennsylvania for breach of contract.[1] Thereafter, Plaintiff and Defendant entered into a Settlement Agreement resulting in a dismissal of that action.[2] Defendant breached the Settlement Agreement, however, by not making monthly payments and by not providing financial reporting.[3] As a result of this breach, Plaintiff filed suit in this Court and asserts that Defendant currently owes it the principal amount of $51,619.91 plus

---

[1] Pl.'s Mot. Summ. J., D.I. 6, ¶ 2.
[2] *Id.* at ¶ 3.
[3] *Id.* at ¶ 6.

prejudgment and postjudgment interest, costs, and attorney's fees.[4]

2.     Plaintiff argues that it is entitled to summary judgment because the undisputed facts show that Defendant breached the Settlement Agreement. Because Plaintiff argues that it is entitled to summary judgment, Plaintiff also argues that it is entitled to "reasonable" attorney's fees plus costs under the Settlement Agreement.[5] Plaintiff argues that 15 percent of the principal plus interest due would be reasonable because it would be 10 percent less than the amount agreed upon by Plaintiff's counsel and the collection agency in their Contingency Fee Agreement.[6] Plaintiff's counsel states that he has been working on this claim since October 29, 2013, and despite the fact that time records were not kept, other documentation shows the reasonableness of the fees sought.[7]

3.     Defendant does not argue that a genuine issue of material fact exists.[8] Rather, Defendant argues that Plaintiff is not entitled to summary judgment because Plaintiff is a foreign corporation that has not registered with the Secretary of State under 8 *Del. C.* § 371.[9] Because

---

[4] *Id.* at ¶ 7.
[5] Pl.'s Aff., D.I. 16.
[6] *Id.* at ¶ 14.
[7] *Id.* at ¶ 12.
[8] *See* Def.'s Resp. Mot. Summ. J., D.I. 9.
[9] *Id.* at ¶¶ 11–12. According to 8 *Del. C.* § 371(b), "No foreign corporation shall do any business

Plaintiff has not registered with the Secretary of State under 8 *Del. C.* § 371, Defendant asserts that 8 *Del. C.* § 383 prohibits Plaintiff from maintaining this action.[10] Although Defendant acknowledges that Plaintiff was permitted to file suit, Defendant asserts that the suit may not move forward until the foreign corporation is in compliance with all of the statutory requirements.[11]

4. If the Court were to grant Plaintiff's Motion for Summary Judgment, however, Defendant argues that Plaintiff should not be awarded attorney's fees because the requested amount is unreasonable.[12] Defendant argues that Plaintiff's Affidavit does not explain why 15 percent of the amount due of the principal plus interest is reasonable.[13] Defendant claims that Plaintiff's "History Notes" of work done on this case are indeterminate and speculative, and as a result, the Court cannot adequately assess the reasonableness of the requested

---

in this State, through or by branch offices, agents or representatives located in this State, until it shall have paid to the Secretary of State of this State for the use of this State, $80, and shall have filed in the office of the Secretary of State . . . ."

[10] Under 8 *Del. C.* § 383(a), "A foreign corporation which is required to comply with §§ 371 and 372 of this title and which has done business in this State without authority shall not maintain any action or special proceeding in this State unless and until such corporation has been authorized to do business in this State and has paid to the State all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this State without authority."

[11] D.I. 9, ¶ 11.

[12] *Id.* at ¶¶ 14–15.

[13] Pl.'s Aff., D.I. 16, ¶¶ 15–16.

amount.[14]

5. The Court will grant a motion for summary judgment when, in viewing the record in the light most favorable to the non-moving party, the movant has shown that there are no material issues of fact and that the movant is entitled to judgment as a matter of law.[15] If a motion for summary judgment is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact.[16]

6. In *Coyle v. Peoples*, a real estate broker's successor in interest brought an action against the defendants for an amount owed under a contract for sale commissions.[17] The defendants claimed that the broker's real estate company was an unqualified foreign corporation, and therefore, it could not enforce the contract for commissions.[18] Although the plaintiff acted as a real estate broker in Delaware, the plaintiff did so only in conjunction with a licensed Delaware broker.[19] The Court found that this one transaction was not enough to consider the

---

[14] *Id.*

[15] Superior Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[16] *State v. Regency Group, Inc.*, 598 A.2d 1123, 1129 (Del. Super. 1991).

[17] 349 A.2d 870, 871 (Del. Super. 1975).

[18] *Id.* at 872.

[19] *Id.* at 873.

5

corporation as "doing business" under Section 371.[20] In so finding, the Court noted that "[i]t is clear that s 383 is not applicable if the corporation is not 'doing business' in Delaware for purposes of s 383 and is thus not required to register under 8 Del. C. s 371."[21]

7. Plaintiff is not subject to Section 383 because Plaintiff has never engaged in business in Delaware. As the case law makes clear, Section 371 requires all corporations that want to engage in business in this State to pay a certain fee and to file with the Secretary of State. If a corporation does not do so, then that corporation is "penal[ized]"[22] from maintaining an action in this State under Section 383. However, if the corporation has never done business here, then the foreign corporation is not required to file with the Secretary of State under Section 371, thus making Section 383 inapplicable.[23] In this case, Plaintiff has never done business in Delaware—it does not have any

---

[20] *Id.*

[21] *Id. See also Spanish Tiles, Ltd. v. Hensey*, No. 05C-07-025 RFS, 2009 WL 86609, at *3 (Del. Super. Jan. 7, 2009) ("It has not been contested from the filing of this complaint on July 14, 2005, with over two years for discovery, that Spanish Tiles was doing business in Delaware. Section 383 does not apply if a corporation is not 'doing business' in Delaware.").

[22] *See Farmers Bank v. Sinwellan Corp.*, 367 A.2d 180, 182 (Del. 1976).

[23] Defendant relies heavily on *Hudson Farms, Inc. v. McGrellis*, 620 A.2d 215 (Del. 1993), to argue that summary judgment must be denied because Plaintiff cannot "maintain" the suit until Plaintiff has registered. However, Defendant has confused the issue in that case. There, the issue was whether a foreign corporation must meet the registration requirements of Section 371 before filing suit. The Delaware Supreme Court held that a foreign corporation can file suit, but the suit cannot be maintained until the corporation has properly registered. Here, however, the "file" and "maintain" distinction in *McGrellis* is irrelevant because Section 383 is inapplicable when a foreign corporation has never done business in the State.

6

employees, stores, or offices here.[24]  Therefore, Plaintiff can seek summary judgment in this case without any statutory limitations.

8.  Viewing the facts in the light most favorable to Defendant, the Court finds that no material issue of fact exists.  Because of this finding, Plaintiff is entitled to judgment as a matter of law.

9.  Plaintiff has submitted a request for attorney's fees, and Defendant has opposed this request.  The Court has decided to conduct a hearing on this issue at which it intends to determine the lodestar amount of Plaintiff's attorney's fees.[25]

Therefore, Plaintiff ProFast Commercial Flooring's Motion for Summary Judgment is **GRANTED** in all respects except for Plaintiff's request for attorney's fees.  The Court will hold a hearing regarding attorney's fees.

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

---

[24] Pl.'s Mem., D.I. 15. The transaction at issue here involved Plaintiff sending materials to Defendant in Pennsylvania. *Id.*

[25] *Elite Cleaning Co., Inc. v. Capel*, No. 690-N, 2006 WL 4782274, at *2 (Del. Ch. Nov. 20, 2006); *Townsend Bros., Inc. v. Pippin*, 1986 WL 8014, at *4 (Del. Super. June 11, 1986).